## Mary A. Delaney v. Daniel O'Connor, Executor.
## Gen. No. 13,558.

1. ACCOUNTING—*when properly awarded.* *Held,* under the allega-
tions of the bill in this case, that it was appropriate to award an
accounting as between the original complainant and the estate of
her deceased husband.

2. APPEAL—*when decree final for purposes of.* *Held,* that the
decree entered in this cause, awarding an accounting, was final and
not interlocutory.

Bill in equity. Appeal from the Circuit Court of Cook county; the
Hon. THOMAS G. WINDES, Judge, presiding. Heard in the Branch
Appellate Court at the March term, 1907. Affirmed. Opinion filed
January 14, 1908. Rehearing denied January 28, 1908.

GEORGE V. McINTYRE, for appellant.

BURTON & KANNALLY, for appellee.

MR. PRESIDING JUSTICE BAKER delivered the opinion
of the court.

This is an appeal from an order dismissing a peti-
tion filed by appellant in a certain cause in equity in
which she was one of the defendants. An order was
made in said cause October 2, 1906, giving leave to
file a petition *instanter* and ordering "the complain-
ant, Daniel O'Connor, executor of the estate of Anne
Clowry, deceased, to answer the same in ten days."
October 3d the petition was filed. October 12th the
motion of complainant to strike the petition from the
files was set for hearing and the time to answer ex-
tended ten days. October 18th the order that the peti-
tion be stricken from the files was entered.

The transcript of record filed in this court is certi-
fied to be a complete transcript of the record from and
including October 2, 1906, in a "certain cause lately
pending in said court in chancery between Daniel
O'Connor, executor, etc., complainant, and Ellen L.
Clowry et al., defendants." The clerk copied into said

transcript the petition which had been stricken from the files. It is also set forth in full in the certificate of evidence taken on the hearing of said motion. The certificate of evidence states that on the hearing of said motion, complainant's solicitor "read from the records in this cause as follows," and then follow extracts from papers filed and orders made in said cause from 1886 to 1897. No one of said papers or orders was offered in evidence. No one of them is set forth in full in the certificate of evidence.

From the petition it appears that appellant is one of the four daughters of Jeremiah Clowry, deceased, and that said children are the only surviving beneficiaries of a trust created by his will, the nature of which does not appear; that December 18, 1879, there was an accounting between the trustees under said will and Anne Clowry, the mother of complainant, by which it was found that $3,045.76 was due from the trust estate to her.

The suit in which the petition was filed was begun by a bill filed by Anne Clowry against appellant and her sisters June 28, 1885. It appears from the petition that the complainant in the bill had collected rents for the trust estate and had claims against said estate for services and disbursements for the maintenance and education of the children of said Jeremiah Clowry. The petition avers that petitioner and her sister Ellen entered their appearance in said cause, and, failing to plead or answer, "a decree *pro confesso* was entered against them February 9, 1886, and there was a reference to a master in chancery for an accounting; that pursuant to the terms and provisions of said decree an accounting was had and stated before said master, and that by his report said master found due to said Anne Clowry, complainant herein, on the first day of June, A. D. 1887, the sum of $7,682.22 for disbursements and services to said estate previous to February 9, 1886, and interest thereon to June 1, 1887, and that said report was on the 5th day of October, 1889,

duly approved and affirmed by this court, and that in and by an interloctutory decree of said last mentioned date the court found and decreed said sum to, be due to said Anne Clowry from said estate, with interest thereon at the rate of six per cent. per annum from June 1, 1887."

Anne Clowry was appointed trustee of the estate of Jeremiah Clowry by said decree.

The petition further avers that May 7, 1890, petitioner and the other defendants filed in said cause a petition for the removal of Anne Clowry as trustee; that Anne Clowry answered the petition and was ordered to file a report "of her acts and doings since said last accounting," which report was also referred to a master, who made a report that there was due to her from said estate on some day not stated in the petition the sum of $8,987.55; that January 14, 1892, the court confirmed the report and decreed that said sum was due from said estate to said Anne Clowry, decreed her removal as trustee, "and ordered her to further account to the date of her removal; that on said last accounting the court found that she was indebted to the estate of Jeremiah Clowry in the sum of $1,177.05, and a further decretal order was entered reducing the decree of January 14, 1892, to the sum of $7,810.50; that thereafter, on September 15, 1897, a further interlocutory decree was entered in this cause, finding that a certain sum of $2,000, which had been included in each of the previous decrees heretofore mentioned, had not been applied by said Anne Clowry as was intended, and said sum was deducted from the amount previously found due, and it was decreed that there was due her on September 15, 1897, the sum of $5,810.50 with interest."

The petition further avers that the trustees, in the settlement made with Anne Clowry December 18, 1879, made to her improper allowances; that the master in his report of the amount due her from said estate February 9, 1886, began with the amount found due on said settlement of 1879, and also made to her im-

proper allowances and failed to make against her proper charges, and that the decree entered October 5, 1889, finding that the sum of $7,682.22 was due Anne Clowry from said estate February 9, 1886, was therefore erroneous; that the master, in taking the account in 1892, improperly credited Anne Clowry with said sum of $7,682.22 and interest thereon from February 9, 1886, and the decree of January 14, 1892, which found that there was due her from said estate $8,987.55, and ordered her to further account to the date of her removal, was therefore erroneous, and that the decree entered upon such further accounting reducing the decree of January 14, 1892, to $7,810.55, was for the same reason erroneous; "that every decree and order entered in this cause respecting the money alleged to be due to said Anne Clowry, and the payment of same, is based upon the decree of October 5, 1889, and said decrees and orders would not have been entered by this court if the true facts regarding said original hearing before the master had been known to this honorable court, and each and every decree and order entered by this court under said circumstances is erroneous and unjust to your petitioner and the other defendants mentioned."

The petition further avers that Anne Clowry died October 18, 1901, and by her will gave to each of her daughters only the sum of one dollar; that petitioner and her sister filed a bill to contest said will November 17, 1903, more than one year after the probate of the will, and for that reason their bill was dismissed.

All of the improper allowances alleged in the petition to have been made to Anne Clowry, and all of the failures to make against her proper charges, were, the petition alleges, so made in the account taken by the master July 1, 1887, of the amount due Anne Clowry from said estate February 9, 1886, which report of the master on such accounting was approved by a decree entered in the cause October 5, 1889.

The bill discloses a proper case for an accounting between Anne Clowry and the estate of her deceased husband.    There were mutual accounts between her and the trust estate; in her favor for moneys expended for the care and education of the children of Jeremiah Clowry; in favor of the estate for rents and profits of property of the estate in her possession. The relations of the parties also made such an accounting under the direction of a court of equity proper.

The decree of October 5, 1889, decreed that there was due to her from said estate upon such accounting February 6, 1886, $7,682.22.    That decree was a decree in a bill for an accounting with the trust estate to which all the beneficiaries were made defendants, and clearly was a final decree.

The fact that the bill was also a bill for the appointment of a new trustee of the estate of Jeremiah Clowry does not affect the nature or effect of the decree upon such accounting.

We are also of the opinion that the decree entered upon the accounting between Anne Clowry and the estate after her removal as trustee was also not interlocutory, but final.    The question upon such accounting was as to the state of the account between her and the estate.    The account thus settled and adjudicated was a final, not a current, account.    Petitioner and the other beneficiaries were parties to the suit; they had a right to contest the claim of their mother before the master and before the court and the right to appeal.

The question of the amount due from the trust estate to Anne Clowry personally and as trustee was, by the decree, finally adjudicated.    This is apparent, unless it be held that the settlement by the decree of a court of chancery of the final account of a trustee after removal is a mere idle ceremony not binding on the parties thereto.

It does not appear what proceedings were had when the order of September.15, 1897, was entered modifying the decree of January 14, 1892.    It may have been

a consent order, and, if not, the making of that order cannot affect the right of the court further to modify the decree. It is immaterial that the petition avers that each decree in the cause was interlocutory. The right to relief depends upon the facts stated in the petition, not upon the statement of mere conclusions of the pleader.

Seventeen years after the decree was entered upon the accounting between Anne Clowry personally and the estate of her deceased husband; fourteen years after her removal as trustee and the entering of a decree approving her accounts as trustee up to the date of her removal and decreeing that a certain sum was then due her from the trust estate, the petition in this case was filed.

We think that the Circuit Court had then no authority to vacate or modify, upon petition, any of the orders or decrees thereby sought to be vacated or modified, and the order dismissing the petition will be affirmed.

*Order affirmed.*